# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>PARIS CHERER,<br><br>    Defendant. | 2:05-CR-325 JCM (LRL) |

**ORDER**

Presently before the court is petitioner Paris Cherer's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (doc. #115) and motion requesting an evidentiary hearing (doc. #126). The government has filed a response to petitioner's § 2255 motion (doc. #124). Petitioner has not filed a reply.

**I.    Background**

On March 2, 2006, a jury convicted the petitioner of one count of attempting to persuade, entice, or coerce a minor to engage in sexual acts with him, in violation of 18 U.S.C. § 2422(b). (Docs. #49 and 51). On September 15, 2006, this court sentenced him to 293 months in prison, concurrent with a state sentence, followed by lifetime supervised release. (Docs. #79 and 87). The conviction and sentence were affirmed by the Ninth Circuit Court of Appeals on January 5, 2008. *See United States v. Cherer*, 513 F.3d 1150 (9th Cir. 2008).

Subsequently, on November 20, 2008, petitioner timely filed the instant motion to vacate. Petitioner contends that (1) he was incompetent to stand trial; (2) the government violated the

**James C. Mahan**
**U.S. District Judge**

requirements of *Brady v. Maryland*, 373 U.S. 83 (1963); (3) his arrest warrant was invalid; (4) his trial and appellate counsel were inadequate; and (5) he is entitled to a new trial pursuant to Fed. R. Crim. P. 33(a).

## II.   Discussion

   1.   Petition for Writ of Habeas Corpus

Pursuant to 28 U.S.C. § 2255, a person in custody under a judgment by a district court may file a motion under this section if he seeks a determination that (1) the judgment violates the Constitution or laws of the United States, (2) the court lacked jurisdiction to enter the judgment, (3) the sentence exceeded the maximum allowed by law, or (4) the judgment or sentence is otherwise subject to collateral review.  Further, section (4)(b) states that "if the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time." 28 U.S.C. § 2255(4)(b).

   (A)   Competency to Stand Trial

Petitioner contends that a suicide attempt, in which he dove head first from a second floor balcony of the City of Las Vegas detention center, and sustained serious injuries, left him incompetent to stand trial.

Competency to stand trial requires that the petitioner have "sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding – and [have] a rational as well as factual understanding of the proceedings against him." *Dusky v. United States*, 362 U.S. 402, 402 (1960) (per curiam).  Though a § 2255 motion may raise the issue of mental competency as a ground to vacate the sentence, such collateral attack is not ordinarily permitted where a competency hearing has been held prior to trial. *See United States v. Hanson*, 406 F.2d 199, 201-02 (9th Cir. 1969) (construing effect of § 2255 motion after petitioner received the benefit of an 18 U.S.C. § 4244 hearing to determine competency).  "When the issue of the defendant's competency to stand trial is raised in a § 2255 motion, the burden is upon the defendant to prove that he was not mentally competent to stand trial."). *McKinney v. United States*, 487 F.2d 948, 949 (9th Cir. 1973).

**James C. Mahan**
**U.S. District Judge**

- 2 -

In the instant case, the petitioner underwent a psychiatric evaluation, pursuant to 18 U.S.C. § 4241, in which he met with a psychiatrist over a period of three days. The psychiatrist submitted a report and also testified at a competency hearing. The report and testimony discussed the physical and emotional impairments of the petitioner and concluded he was competent to stand trial. *See* Doc. #98 at 8:22-9:7.

Indeed, in light of the evidence, the government's counsel and petitioner's counsel both agreed that petitioner was competent to stand trial. *Id.* at 10:1-5. The magistrate judge concluded that "the record is crystal clear based on the report provided by Dr. Schmidt and his testimony offered here this morning. There's no question but that the petitioner is indeed competent to stand trial." *Id.* at 10:6-9.

After reviewing the record, this court echoes the magistrate judge's finding that the "record is crystal clear" that petitioner was competent. Further, this court's observations of petitioner during the trial confirm that he was competent and assisted in his defense. Given the overwhelming strength of the evidence establishing petitioner's competency, the court cannot find that his conclusory arguments carry his burden of proving that he was not mentally competent. *See McKinney*, 487 F.2d at 949.

Moreover, because petitioner was found competent after a competency hearing, a § 2255 petition seeking to collaterally attack the sentence on competency grounds is not permitted absent "unusual circumstances." *See Hanson*, 406 F.2d at 202. Though the *Hanson* court was presented with a petitioner who had received a psychiatric evaluation pursuant to 18 U.S.C. § 4244, and the petitioner here brought his motion for a psychiatric evaluation pursuant to § 4241, the court finds no reason why the *Hanson* reasoning is inapplicable to the facts of the instant case. Because no unusual circumstances have been alleged by petitioner, the court will not permit the petitioner to collaterally attack the sentence on competency grounds.

Reasonable jurists might debate over the court's resolution of petitioner's incompetency claim, and the court will grant a certificate of appealability on this issue.

- 3 -

1          (B)    Conditions of Pretrial Confinement

2      Petitioner argues that the conditions of his pretrial confinement were so severe as to amount to violations 18 U.S.C. § 1983. Petitioner's challenge to the conditions of his pretrial confinement are not properly addressed via a § 2255 motion to vacate sentence. As explained above, § 2255 provides four grounds for relief, none of which include the § 1983 claim petitioner is alleging. Indeed, petitioner has already litigated his pretrial detention claims in this court under 42 U.S.C. § 1983. This court granted summary judgment and judgment as a matter of law for the state parties, and the Ninth Circuit affirmed on appeal. *Cherer v. Frazier*, 2012 WL 66842 (9th Cir. Jan. 10, 2012) (unpublished); *see also Cherer v. Frazier*, 2007 WL 2406844 (D. Nev. 2007). Claims which have been previously decided may not be reargued under § 2255. *United States v. Hernandez*, 2011 WL 2604717, * 5 (D. Hawaii June 29, 2011) (citing *Olney v. United States*, 433 F.2d 161, 162 (9th Cir. 1970)).

    Reasonable jurists would not find this conclusion to be debatable or wrong, and the court will not issue a certificate of appealability on it.

        ©    *Brady* Violations

    Under *Brady v. Maryland*, 373 U.S. 83, 87 (1963), "the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment." There are three components of a *Brady* violation: "[t]he evidence at issue must be favorable to the accused, either because it is exculpatory, or because it is impeaching; that evidence must have been suppressed by the [Government], either willfully or inadvertently; and prejudice must have ensued." *Strickler v. Greene*, 527 U.S. 263, 281–82 (1999).

    Petitioner alleges that the government suppressed chat logs and interviews of teenagers found on his America Online buddy list. Petitioner's assertion, however, fails to satisfy the elements of a *Brady* violation.

    The evidence in question was the subject of a Rule 404(b) supplemental notice and the government filed a memorandum in support of the evidence's admissibility. (Doc. #34). During the motion in limine hearing, the government sought admission of this evidence, and petitioner's counsel

**James C. Mahan**
**U.S. District Judge**

- 4 -

1  argued against such admission. Accordingly, the government did not suppress this evidence from
2  the petitioner, and therefore, no prejudiced ensued.

   Reasonable jurists would not find this conclusion to be debatable or wrong, and the court will
   not issue a certificate of appealability on it.

   (D)   Invalid Arrest

   Petitioner contends that the arrest warrant issued for his arrest violated the Fourth Amendment. This claim fails because Fourth Amendment claims are not cognizable on federal habeas review. *See Stone v. Powell*, 428 U.S. 465, 481-82 (1976); *Tisnado v. United States*, 547 F.2d 452, 456 (9th Cir.1976).

   Reasonable jurists would not find this conclusion to be debatable or wrong, and the court will not issue a certificate of appealability on it.

   (E)   Ineffective Assistance of Counsel

   To establish ineffective assistance of counsel, petitioner must demonstrate that the counsel's conduct was not "within the range of competence demanded of attorneys in criminal cases," and that there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington,* 466 U.S. 668, 687, 694 (1984). The purpose of the effective assistance guarantee is "to insure that criminal petitioners receive a fair trial." *Id.* at 689.

   I. Trial Counsel

   Petitioner claims that his trial counsel was deficient for failing to investigate petitioner's mental competency, and instead urging petitioner to trial. Petitioner further alleges that his trial counsel failed to assist him in presenting a sufficient defense, primarily because trial counsel failed to investigate the records of Sprint and Cox Cable Companies which could have helped identify a telephone and the computer used by the perpetrator.

   The record before the court contradicts the petitioner's allegations. Petitioner's trial counsel filed a pretrial motion describing counsel's concerns regarding the petitioner's mental competency. (Doc. #17). As a result of the motion, the court ordered a psychiatric examination of the petitioner.

**James C. Mahan
U.S. District Judge**

- 5 -

(Doc. #19). Following the report of the psychiatrist, which found petitioner competent to stand trial, counsel continued to press the issue on behalf of his client. Petitioner's trial counsel requested, and was granted, an evidentiary hearing to examine the psychiatrist and the bases for his conclusions regarding the petitioner's competency.

Moreover, the record reflects that, contrary to petitioner's assertions, it was the petitioner, and not his counsel, that was anxious to have the trial in this matter begin. At the conclusion of the competency hearing, trial counsel explained to the court, "[M]y client will not agree to any stipulation to continue the trial. Doc. #98 at 11:19-20.

With regards to the failure to obtain records from the telephone and cable companies, this court strongly presumes that trial counsel made his decisions in the exercise of reasonable professional judgment. *See Strickland*, 466 U.S. at 688. A strategic decision to pursue a particular defense to the exclusion of other available defenses is presumed reasonable. *Id.* at 690-91; *Bell v. Cone*, 535 U.S. 685 (2002); *Anderson v. Calderone*, 232 F.3d 1053, 1087–90 (9th Cir. 2000).

In light of the strong presumption, and the speculative nature of petitioner's assertions regarding what this additional investigation would have uncovered, the court finds no grounds to grant petitioner's requested relief. The substantial evidence against the petitioner is well documented in the trial transcripts and the Ninth Circuit's order affirming the conviction.

In light of this evidence, the court cannot find that the errors alleged by petitioner undermine the result of the trial, *see Strickland*, 466 U.S. at 694, or establish the deprivation of any substantive or procedural right. See *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993) (unreliability or unfairness does not result if the ineffectiveness of counsel does not deprive the petitioner of any substantive or procedural right to which the law entitles him).

ii. Appellate Counsel

Petitioner argues that his appellate counsel was ineffective for failing to raise the instant claims on appeal.

The *Strickland* standards apply to appellate counsel as well as trial counsel. *Smith v. Murray*, 477 U.S. 527, 535-36 (1986); *Miller v. Keeney*, 882 F.2d 1428, 1433 (9th

James C. Mahan
U.S. District Judge

- 6 -

1  Cir. 1989). A petitioner, however, "does not have a constitutional right to compel appointed counsel
2  to press nonfrivolous points requested by the client, if counsel, as a matter of professional judgment,
3  decides not to present those points." *Jones v. Barnes*, 463
4  U.S. 745, 751 (1983). Moreover, appellate counsel is not deficient for failing to raise weak issues
5  on appeal. *See Miller*, 882 F.2d at 1434. To prevail, petitioner must show that but for appellate
6  counsel's error, he probably would have prevailed on appeal. *Id.* at 1434 n.9.

7  As explained above, each of petitioner's claims fail. Therefore, this court cannot find that
8  petitioner's appellate counsel was ineffective by failing to raise the claims.

9  Reasonable jurists might debate over the court's resolution of petitioner's ineffective
10 assistance of counsel claims, and the court will grant a certificate of appealability on this issue.

11             (F)    New Trial Pursuant to Fed. R. Crim. P. 33

12 A new trial pursuant to Rule 33 must be filed within three years of the verdict if based on
13 newly discovered evidence, *see* Fed. R. Crim. P. 33(b)(1), or within 14 days of the verdict if brought
14 on other grounds, *see* Fed. R. Crim. P. 33(b)(2). The petitioner does not present any newly
15 discovered evidence and has filed his motion more than 14 days after the verdict. Accordingly, he
16 does not meet the requirements of Rule 33.

17         2.    Motion for an Evidentiary Hearing

18 Where the "motion, files and record of the case conclusively show that the prisoner is entitled
19 to no relief," the district court need not grant an evidentiary hearing. 28 U.S.C. § 2255. As
20 established above, the record and pleadings on file establish that petitioner is entitled to no relief.
21 Indeed, the majority of the grounds raised by the petitioner in his motion are not cognizable under
22 § 2255, and those that are properly raised are devoid of merit. The conclusory allegations petitioner
23 has raised "are not enough to require a hearing." *United States v. Hearst*, 638 F.2d 1190, 1194 (9th
24 Cir. 1980) (internal quotations omitted); *see also United States v. Johnson*, 988 F.2d 941, 945 (9th
25 Cir. 1993).

26 . . .
27 . . .
28

**James C. Mahan**
**U.S. District Judge**

- 7 -

1  For the reasons stated above,

2  IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that petitioner Paris Cherer's

3  motion to set aside or vacate sentence pursuant to § 2255 motion (doc. #115) be, and the same

4  hereby is, DENIED.

5  IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that petitioner's motion for

6  an evidentiary hearing (doc. #126) be, and the same hereby is, DENIED.

7  DATED February 13, 2012.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 8 -